**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TONY LYNN TAYLOR,

    Plaintiff,

vs.                                                    CASE NO. 3:11-cv-815-J-34TEM

WILLIAM REED, *et al.*,

    Defendants.[1]
_____

## REPORT AND RECOMMENDATION[2]

This matter is before the Court on the filing of new motions by the Plaintiff, as well as on review of the record concerning compliance with a prior order the Court entered on September 19, 2011 (*see* Doc. #8, Court Order). In that order, the Court noted deficiencies in the complaint (Doc. #1) and in the affidavit of indigency (Doc. #2) filed by Plaintiff in this case, and allowed Plaintiff the opportunity to file a properly amended complaint and an amended affidavit of indigency by October 7, 2011. Since then, Plaintiff has filed a new affidavit of indigency (Doc. #10), along with an "Emergency Motion for [Counsel]" (Doc. #9) and an "Emergency Motion" (Doc. #11). For the reasons listed below, the Court still cannot

---

[1]The Court notes Plaintiff's "complaint" does not name the individual defendants in the caption of the first page, but refers to a number of different entities in the captions he used the second and third pages of the complaint (*see* Doc. #1, *generally*). Plaintiff has also listed a number of individuals and entities on the second page of the "Emergency Motion for [Counsel]" (Doc. #9) that the Court surmises Plaintiff desires to name as Defendants.

[2]Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

determine any plausible cause of action for federal litigation and therefore recommends this case be dismissed.

## History of Pleadings

Plaintiff initially began his pursuit of federal judicial action in this Court with the filing of three "emergency motions" that the Clerk docketed in the miscellaneous matter of *Tony Lynn Taylor v. William Michel Reed, et al.*, No. 3:11-mc-43-J-34TEM.[3] The Court noted the deficiencies in the attempt to open a federal case and entered an order in the miscellaneous matter, denying the three motions and giving Plaintiff the opportunity to file a proper complaint by August 26, 2011 (*see Taylor v. Reed*, No. 3:11-mc-43-J-34TEM, Doc. #5, unpublished Court Order dated Aug. 11, 2011). Plaintiff's initial affidavit of indigency in the miscellaneous matter was taken under advisement and later denied as moot in light of the affidavit of indigency filed in the civil case. On August 15, 2011, Plaintiff filed the complaint in this action (Doc. #1), as well as a new affidavit of indigency (Doc. #2). The Court reviewed these documents and again found deficiencies that precluded the Court from permitting Plaintiff to proceed *in forma pauperis* (*see* Doc. #8, Court Order). Some sections in the affidavit of indigency were not completed and Plaintiff still had not set forth a cause of action cognizable in federal court. Therefore, the Court again gave Plaintiff an opportunity to file a proper complaint and a fully completed affidavit of indigency by October 7, 2011. *See id.*

---

[3]These motions were originally entered as Docs. #1, #2 and #4 in the miscellaneous matter. Upon direction of the Court (*see* 3:11-mc-43-J-34TEM, Doc. #9), these documents were copied and docketed in the this civil action, wherein they can be found as Docs. #5, #6 and #7.

In an apparent effort to comply with that order, Plaintiff filed a third affidavit of indigency (Doc. #10), an "Emergency Motion for [Counsel]" (Doc. #9) and an "Emergency Motion" (Doc. # 11). Although none of the documents were filed as an amended complaint, the Court has given liberal construction to its review of the documents in recognition that they are not drafted by a lawyer. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even with the liberal construction, and reading the Emergency Motion and Emergency Motion for Counsel together, the Court is unable to construe a plausible basis for a federal cause of action.

Upon review of the pleadings the undersigned finds Plaintiff has failed to state a claim upon which relief may be granted by a federal district court and has failed to invoke the jurisdiction and venue of this Court. *See* Fed. R. Civ. P. 8(a)(1). Plaintiff has been afforded numerous opportunities to bring a case cognizable in federal court, but has failed to produce such a complaint. As such the undersigned recommends this case be dismissed.

## Analysis

### A. Plaintiff has failed to state a claim

The most recent affidavit of indigency form completed by Plaintiff contains his request to proceed *in forma pauperis* in this litigation (*see* Doc. #10).[4] When an application

---

[4] The Court notes that in this instance, Plaintiff completed an affidavit of indigency form listing the Ocala Division of the Middle District of Florida, rather than the Jacksonville Division, as the locale for his lawsuit (*see generally* Doc. #10). It appears that Plaintiff actually filed the current affidavit of indigency (Doc. #10), the Emergency Motion for [Counsel] (Doc. #9) and the Emergency Motion (Doc. #11) in the federal courthouse for the Ocala Division, although he initiated the miscellaneous matter and the subject civil litigation in the Jacksonville Division (*see, e.g.*, Doc. #1, complaint). While Local Rule 1.02 (c)
(continued...)

to proceed *in forma pauperis* is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action is frivolous or malicious; if it fails to state a claim upon which relief may be granted; or if the complaint seeks monetary relief against a defendant who is immune from such relief. However, a court should not dismiss pursuant to § 1915 for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim may be stated." *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); *also see Troville v. Venz*, 303 F.3d 1256, 1260, n. 5 (11th Cir. 2002) (per curiam) (courts should permit a *pro se* litigant who is seeking *in forma pauperis* status the opportunity to amend a deficient complaint before dismissing pursuant to § 1915 for failure to state a claim).

Here, the Court has given Plaintiff three opportunities to file a complaint that states a cause of action cognizable in federal court. Despite Plaintiff's numerous filings, the Court

---

$^{4}$(...continued)
provides that all civil actions shall be brought within the Division encompassing the counties having the greatest nexus with the cause of action, Local Rule 1.02(e) further provides the Court in its discretion may transfer cases from one Division to any other Division. As previously noted, the District Judges within the Jacksonville Division do currently continue to preside over matters within the Ocala Division. Thus it is entirely proper for this case to be before a District Judge sitting in the Jacksonville Division. *Cf. S.L. Sakansky & Assoc. Inc. v. Allied American Adjusting Co. of Fla. LLC,* No. 3:05-cv-708-J-32MMH, 2006 WL 948055 (M.D. Fla. Apr. 12, 2006) (in an analysis of the general venue statute finding proper venue may lie in more than one district court)*; Damian v. Massaro,* No. 10-23987-CIV, 2011 WL 3678680 (S.D. Fla. Aug. 22, 2011) (finding proper venue may lie within either of two divisions within the Southern District of Florida under its Local Rules). Moreover, the general venue statute, 28 U.S.C. § 1391, specifies the correct district courts within which a civil action may be brought, making no mention of the divisions within the district courts. Irrespective of which Division within the Middle District of Florida may be the locale for better venue in this action, the undersigned finds this case may not stand as stated and is subject to dismissal. *See also* 28 U.S.C. § 1406 (giving the district court discretion to dismiss or transfer a case laying venue in the wrong division or district).

is unsure what harm Plaintiff has alleged against which Defendants.  The Court is unable to discern any time frame within which any alleged action may have occurred.  Further, the Court is unable to ascertain a basis for federal jurisdiction over Plaintiff's complaint. The filed "complaint" in this case is comprised of an incoherent jumble of sentences that refer to a "state law suit," an allegation of rape against Plaintiff's daughter, something about "foster care" and Plaintiff's "former attorney" (Doc. #1).  Even considering the matter in light of the most recent filings by Plaintiff, it remains unclear what the relationship, if any, is between the various persons or entities Plaintiff has listed as Defendants and which Defendant is alleged to have cause what harm (*see generally*, Docs. #1, #5, #6, #7, #9, #11).  The recently filed motions (Docs. #9, #11) apparently refer to some proceedings in state court, various attorneys, a speedy trial, Plaintiff's daughter and a large sum of money Plaintiff states is due him; however, the content within the motions is not sufficiently coherent for the Court to make any determination as to any emergency, or even determine a potential federal cause of action.

Although Plaintiff has now filed a document entitled "complaint," Plaintiff has still failed to make "a short and plain statement of the claim showing that [he] is entitled to relief" as required by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 8(a)(2). Rule 8 also requires that "the defendant be on notice as to the claim being asserted against him and the grounds on which it rests."  *Evans v. McClain of Ga., Inc.*, 131 F.3d 957, 964 n.2 (11th Cir. 1997) (internal quotation omitted).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).   As pled, Plaintiff's complaint is confusing to the undersigned and would undoubtedly leave the Defendants unclear as to what wrong they have been accused.

The courts are directed to construe *pro se* complaints more liberally than formal pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The undersigned has done so and still cannot find any possible cause of action alleged by plaintiff amongst plaintiff's jumbled statements and allegations. No cause of action can be found in Plaintiff's pleadings and thus the case should be dismissed.

**B. Plaintiff has failed to allege a basis of federal jurisdiction**

As Plaintiff was advised previously, federal courts have limited subject matter jurisdiction (*see* Doc. #8 at 3). "[I]n other words, they have the power to decide only certain types of cases." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000). Without a basis of federal jurisdiction this Court has no authority over this matter and as such it must be dismissed. Federal jurisdiction exists only where Congress has provided a statutory basis for a claim, in instances of diversity jurisdiction where the party's are of diverse citizenship, or in instances of federal questions. *Id.* at 1261. As none of the above are present in this matter the district court lacks jurisdiction to hear the claim.

Upon analysis of Plaintiff pleadings, no federal statute is cited by Plaintiff, nor can this Court discern a basis for federal jurisdiction. First, no diversity can be raised in this matter. "Diversity jurisdiction, as a general rule, requires complete diversity-every plaintiff must be diverse from every defendant." *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)); *see also* 28 U.S.C.A. § 1332. Plaintiff has apparently attempted to comply with the Court's earlier order in listing all defendants and addresses on page two of the Emergency Motion for Counsel (Doc. #9). Plaintiff lists eleven Defendants, all of which have Florida addresses; as such there is no basis for diversity jurisdiction since none of the parties are

diverse. Second, Plaintiff's allegations, to the extent they can be discerned from his filings, do not give rise to federal question jurisdiction. Cases brought under federal question jurisdiction are those claims in which federal law creates the cause of action. *See Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986); *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 260 (1916). Upon review of Plaintiff's motions, the Court cannot find any allegation that can be said to have arisen out of a federal law. As such, the Court is unable to discern a specific federal law which would give rise to federal question jurisdiction.[5]

It is apparent from the pleadings that Plaintiff is, or has been, involved in some matters in state court, which appear to underlie at least part of Plaintiff's attempted claim in federal court. Specifically, Plaintiff refers to a "custody battle" in which he claims the judge signed papers to give him the "baby" (*see* Doc. #11 at 2). In addition, Plaintiff refers to a state civil suit that has been going on for seven years and alleges that "Foster Care

---

[5]If, in the very broadest sense Plaintiff may be attempting, in part, to bring a civil rights action under 42 U.S.C. § 1983, alleging persons within the Florida foster care system were state actors that have deprived Plaintiff of a non-specific constitutional right, such an allegation must fail. "To state a claim under Section 1983, a plaintiff must allege: 1) that the conduct complained of was committed by a person acting under color of state law; and 2) that the conduct deprived a person of rights secured by the Constitution or laws of the United States." *Smith v. Beasley*, 775 F.Supp.2d 1344, 1352 (M.D. Fla. 2011) (citing to *Morrison v. Washington County*, 700 F.2d 678, 682 (11th Cir. 1983). Here, Plaintiff has failed to allege specific actions taken by specified state actors or private persons acting under color of state law that have deprived him of any rights (*see generally*, Doc. #1). Furthermore, neither foster parents nor attorneys who represent their clients in state court are generally not considered state actors. *See Rayburn ex rel Rayburn v. Hogue*, 241 F.3d 1341 (11th Cir. 2001) (finding foster parents were not state actors under Section 1983); *Johnson v. Wilbur*, 375 Fed. Appx. 960 (11th Cir. 2010) (finding alleged conduct of opposing legal counsel against *pro se* plaintiff in state case was not actionable conduct under Section 1983); *but see Smith v. Beasley*, 775 F.Supp.2d at 1354 (distinguishing the persons involved in placement services of foster children from the foster parents).

employees" ... "are failing to comply with a Court Order in Lake County" for ten and one-half months (*see* Doc. #9 at 4). Plaintiff also claims he is due $2 million that he purportedly "won in a custody battle" in 2010, and he needs the United States Marshals to get the money and trial tapes for him. *Id.*

Aside from the jumble of facts from which Plaintiff attempts to state his case, Plaintiff has included in the record two documents that appear to be from 2011 cases in the Circuit Court for the Fifth Judicial Circuit, Lake County, Florida (*see* Doc. #9 at 7-8; Case No. 2011 MH 295, Order for Involuntary Placement, and Case No. 2011 CF 000352, Notice of Hearing). The Order for Involuntary Placement appears to find Plaintiff was "competent" to consent to mental treatment, even though he refused voluntary placement for the treatment (Doc. #9 at 7). The Notice of Hearing appears to have set a number of hearings, at which Plaintiff needed to appear, related to a criminal matter (Doc. #9 at 8).

If Plaintiff is attempting to have this Court review a final judgment from a state court, which is by no means clear from the facts as stated in the instant complaint or the related filings, Plaintiff should be made aware that such review is prohibited by the *Rooker - Feldman* doctrine. "The *Rooker - Feldman* doctrine is a jurisdictional rule that precludes lower federal courts from reviewing state court judgments." *VanBenthuysen v. Florida*, 427 Fed. Appx. 864, 866 (11th Cir. 2011) *citing Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).[6] "The Supreme Court has explained that the *Rooker - Feldman* doctrine applies

---

[6]Unpublished opinions may be cited throughout this report and recommendation as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *VanBenthuysen v. Florida*, 427 Fed. Appx. at 866 (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005) (internal quotations omitted).

In the instant case, Plaintiff has not alleged that this litigation is brought to review a state court judgment, and the Court is unable to ascertain the existence of a such a judgment on the facts Plaintiff has stated. If there is a final state judgment of which Plaintiff seeks review, Plaintiff's complaint is barred under the *Rooker - Feldman* doctrine. *See id.* On the other hand, if Plaintiff's state court proceedings were still ongoing at the time the complaint was filed, then the *Rooker - Feldman* doctrine does not apply. *See VanBenthuysen v. Florida*, 427 Fed. Appx. at 866 . Nonetheless, even if there are ongoing state court proceedings that are related to this litigation, the Court finds Plaintiff has not asserted a basis for federal jurisdiction.

In some very limited instances state cases may be removed to federal court, but there must be a legal basis to do so. It is well-settled that, absent a showing of immediate and great, irreparable injury, federal courts should refrain from interfering with state court proceedings. *See Younger v. Harris,* 401 U.S. 37, 46 (1971). "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Id.* at 43. The undersigned finds no such legal basis to remove a state court action in which Plaintiff is involved to federal court. State courts have their own appeal procedures if a party believes a state circuit court has committed error.

**Conclusion**

Plaintiff has failed to state a claim upon which relief can be granted in federal court. Throughout the record in this case Plaintiff has stated some plausibly serious facts. Yet, factual allegations, standing alone, do not establish an entitlement to relief in federal court. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Generally speaking, the complaint must state <u>plausible claims</u> established by factual allegations sufficient "enough to raise a right to relief <u>above the speculative level</u>." *Twombly*, 550 U.S. at 556 (emphasis added). While the district court should give *pro se* pleadings a particularly liberal reading, "the court is not permitted to serve as a '*de facto* counsel' and 'rewrite an otherwise deficient pleading in order to sustain an action.'" *Gonzalez v. Asset Acceptance, LLC*, 308 Fed. Appx. 429, 430 (11th Cir. 2009) *quoting GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). In fact, the Eleventh Circuit has directly stated, "A district court may not infer claims other than those that plainly appear on the face of the complaint. . . ." *GJR Investments, Inc.*, 132 F.3d at 1369. Furthermore, a district court may not "conjure up" questions not presented in the complaint, nor may the court "formulate implied allegations to state an actionable claim on a *pro se* plaintiff's behalf." *Williams v. Quality Filters, Inc.*, No. 07-0015-WS-B, 2007 WL 4219201, *4 (S.D. Ala. Nov. 27, 2007) (internal citations omitted).

There is no federal question raised by Plaintiff in his pleadings. There is no federal statute giving rise to federal jurisdiction present in Plaintiff's pleadings. There is no diversity of citizenship among Plaintiff and Defendants. Plaintiff's apparent state court proceedings do not give rise to federal jurisdiction. Thus, the undersigned cannot find any basis for

federal jurisdiction in Plaintiff's pleadings. Plaintiff's complaint is insufficient on its face to state a cause of action in federal court.

Accordingly, the undersigned **respectfully RECOMMENDS**:

Plaintiff's [Third Amended] Affidavit of Indigency (Doc. #10), construed as a motion to proceed *in forma pauperis*, **be DENIED, this case be DISMISSED for failure to state a claim upon which relief can be granted, and all other motions be DENIED AS MOOT in light of the dismissal.**

**DONE AND ENTERED** at Jacksonville, Florida this 15th day November, 2011.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to:
The Hon. Marcia Morales Howard
*Pro Se* Plaintiff